IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR413-007 |
| ) | |
| LEONARD ANTHONY KENNEDY, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

Before the Court is Defendant's Motion Requesting a Judicial Recommendation Concerning Length of Residential Re-entry Center Placement. (Doc. 910.) In his motion, Defendant requests this Court recommend to the United States Bureau of Prisons ("BOP") that it place Defendant in a residential re-entry center for the last twelve months of his sentence. (Id. at 2.) The Government has responded in opposition to Defendant's motion. (Doc. 911.)

Defendant references 18 U.S.C. § 3621(B)(4) in his request. (Doc. 910 at 3.) 18 U.S.C. § 3621(B) makes it clear that the BOP has the authority to designate the place of a prisoner's imprisonment. Thus, while the BOP may consider any statement by the sentencing court, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a

community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(B). Defendant has already been sentenced. (Doc. 465.) Additionally, 18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed except upon motion by the Director of the BOP or upon motion of the defendant after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . ." Defendant has not shown that he has exhausted his administrative remedies. As a result, this Court is without authority to modify his sentence. Accordingly, Defendant's motion (Doc. 910) is **DENIED**.

SO ORDERED this 7th day of November 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA